UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------------- X

ESTER LELCHOOK, individually and as personal
representative of the Estate of David Martin Lelchook;
MICHAL LELCHOOK; YAEL LELCHOOK;
ALEXANDER LELCHOOK; and DORIS LELCHOOK,

                    Plaintiffs,

            -against-

SYRIAN ARAB REPUBLIC

Damascus, SYRIA

---------------------------------------------------------------------- X

Docket No:
___-CV-_____ (_____)


**COMPLAINT**

Jury trial demanded


## COMPLAINT

1.     Plaintiffs Alexander Lelchook, Ester Lelchook, Estate of David Martin Lelchook, Michal Lelchook, Yael Lelchook, and Doris Lelchook (hereafter collectively "Plaintiffs"), allege the following upon information and belief, except for allegations specifically concerning the Plaintiffs, which allegations are made upon Plaintiffs' personal knowledge. In support of their Complaint, Plaintiffs allege as follows:

### THE PLAINTIFFS – THE LELCHOOK FAMILY

2.     Plaintiff Alexander Lelchook, Ester Lelchook, Michal Lelchook, Yael Lelchook and Doris Lelchook are the surviving brother, spouse, daughters and mother of American citizen David Martin Lelchook, who was murdered in a Hizbollah rocket attack.

3.      Plaintiffs Michal Lelchook, Yael Lelchook Alexander Lelchook and Doris Lelchook are American citizens.

4.      Plaintiff Esther Lelchook, the decedent's surviving wife, who is a citizen of Israel brings this action in her individual capacity but also as the heir of David Martin Lelchook and is authorized under Israel law to bring this action on behalf of the Estate of David Martin Lelchook.

5.      All of the Plaintiffs' injuries were the foreseeable result of terrorist missile attacks deliberately launched by Hizbollah against civilian targets in Israel from July 12, 2006 through August 14, 2006.

## THE DEFENDANT

6.      Defendant Syrian Arab Republic ("Syria") is a foreign state that has been designated and continues to remain designated as a state sponsor of terrorism pursuant to § 60 of the Export Administration Act of 1979, 50 U.S.C. App. § 2405, and § 620(A) of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371) since December 29, 1979.  Syria, at all times pertinent to this action, provided material support and resources to Hizbollah.

7.      Syria, through its actions caused the personal injuries and death described above, within the meaning of 28 U.S.C. § 1605A, by providing Hizbollah with funding, direction, material support, encouragement, safe haven and/or training for its terrorist activities.

8.      Syrian Air Force Intelligence is an instrumentality of Defendant Syria and is the Syrian intelligence services through which Syria sponsored Hizbollah, which caused and committed the act of extrajudicial killing described herein.

**JURISDICTION, VENUE AND CHOICE OF LAW**

9.     This action is brought by the Plaintiffs in the individual capacity of each plaintiff and, as appropriate, in the capacity as personal representative of the estate more particularly described in the caption of this action for their own benefit, for the benefit of the Estate of David Martin Lelchook, and for the benefit and on behalf of all those legally entitled to assert a claim under the Foreign Sovereign Immunities Act 28 U.S.C. § 1605A(c), and statutory law. This Court exercises subject matter jurisdiction in accordance with the provisions of 28 U.S.C. §§ 1330(a), 1331, 1332(a)(2), 1367 and 1605A(a).

10.     Plaintiff Alexander Lelchook and Plaintiff Doris Lelchook are each domiciled and a resident and citizen of the State of Massachusetts.

11.     Defendant Syria is subject to suit in the courts of the United States pursuant to 28 U.S.C. § 1605A.

12.     Venue lies in this Court pursuant to 28 U.S.C. § 1391(f)(4), which provides, in pertinent part, that a civil action against a foreign State may be brought in the United States District Courts.

13.     Actions for wrongful death, personal injury and related torts perpetrated by foreign state sponsors of terrorism through their officials, employees and agents within the meaning of 28 U.S.C. § 1605A(c) are unique causes of actions arising out of federal counterterrorism statute(s) and are controlled by applicable federal law.

**STATEMENT OF FACTS**

14.     David Martin Lelchook (52 years-old), a United States citizen and civilian, was murdered on August 2, 2006, while riding his bike at Kibbutz Sa-ar, located in the State of Israel.

15.     He was on his bike heading toward the safe room in his house from the kibbutz fields where he worked, when a terrorist missile launched by Hizbollah struck him. The terrorist missile was fired from Lebanon by the Hizbollah terrorist organization (hereinafter: the "Rocket Attack"). The Rocket Attack was one of thousands of rocket and missile attacks against civilians in Israel carried out by Hizbollah between July 12 and August 14, 2006 (hereinafter: the "Hizbollah Rocket Barrage").

16.     David was gravely injured by shrapnel from the initial blast, causing permanent and severe injuries and subsequently resulting in and causing his death.

17.     David Martin Lelchook is survived by two daughters, both United States citizens, Plaintiffs Michal Lelchook and Yael Lelchook.

18.     David Martin Lelchook is survived by his wife, Plaintiff Ester Lelchook, an Israeli citizen.

19.     David Martin Lelchook is also survived by his brother, Plaintiff Alexander Lelchook and his mother, Doris Lelchook.

20.     Plaintiff Ester Lelchook was the first family member to receive notice of the attack.  Ester worked at a local hospital, while her husband worked in the fields on the kibbutz.  She had to contact her daughters, one of whom, Michal, was in Pittsburgh, PA and advise them of the death of their father.  Michal travelled with her

uncle and grandmother, both of whom lived in the United States, for the funeral in Israel.

21.     The defendants provided extensive material support and resources to Hizbollah, that caused, enabled and facilitated the Hizbollah Rocket Barrage, including the Rocket Attack that killed David Martin Lelchook and harmed the plaintiffs herein.

22.     Each of the Plaintiffs have suffered grievously from the terrorist murder of their loved one, David Martin Lelchook, to their loss and damage.

### COUNT I

### ACTION FOR EXTRAJUDICIAL KILLING AND WRONGFUL DEATH OF DAVID MARTIN LELCHOOK, PURSUANT TO 28 U.S.C. §§ 1605A(c)

23.     Paragraphs 1 through 22 of the Complaint are incorporated by reference, as if set forth fully herein.

24.     28 U.S.C. § 1605A(c) creates a cause of action against Defendants for their participation in and support of the extrajudicial killing of David Martin Lelchook, a United States national.

25.     The Defendant's' actions caused the wrongful death of David Martin Lelchook

26.     As a direct and proximate consequence of Defendant's actions, Ester Lelchook (individually in her own right and as the Administrator of the Estate of David Martin Lelchook), Alexander Lelchook, Michal Lelchook, Yael Lelchook and Doris Lelchook have each suffered economic damages, including, *inter alia*, loss of

accretions, and loss of assistance, entitling them to compensatory and punitive damages pursuant to 28 U.S.C. § 1605A(c).

27.     Before his death, David Martin Lelchook suffered extreme bodily pain and suffering, entitling his estate to compensatory and punitive damages pursuant to 28 U.S.C. § 1605A(c).

28.     The conduct of Defendant was outrageous, malicious, in willful, wanton and reckless disregard of the rights of David Martin Lelchook and the other Plaintiffs. As such, the Plaintiffs are entitled to punitive damages against Defendant Syria.

29.     WHEREFORE, the Plaintiffs demand that judgment be entered against Defendant Syria as follows: (a) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for economic damages to each of the Plaintiffs; (b) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for survival damages, to Plaintiff Ester Lelchook as the Administrator of the Estate of David Martin Lelchook; ((h) THREE HUNDRED SIXTY MILLION DOLLARS ($360,000,000) in punitive damages to all Plaintiffs assessed against Syria.

### COUNT II

### ACTION FOR THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESSAND SOLATIUM RESULTING FROM THE EXTRAJUDICIAL KILLING OF DAVID MARTIN LELCHOOK

30.     Paragraphs 1 through 29 of the Complaint are incorporated by reference as if set forth fully herein.

31.     28 U.S.C. § 1605A(c) creates a cause of action against Defendant for its participation in and support of the extrajudicial killing of David Martin Lelchook.

32.     As a result of the extrajudicial killing of David Martin Lelchook, attributable to all Defendants, Alexander Lelchook, Ester Lelchook, Michal Lelchook, Yael Lelchook and Doris Lelchook, have each suffered severe emotional distress.

33.     Defendant's conduct was outrageous and intended to inflict severe emotional harm on the decedent's immediate family.

34.     As a direct and proximate consequence of Defendant's actions, Alexander Lelchook, Ester Lelchook, Michal Lelchook, Yael Lelchook and Doris Lelchook, have suffered economic damages and an extreme loss of solatium, for which they are entitled to compensatory damages pursuant to 28 U.S.C. § 1605A(c).

35.     The conduct of Defendant was outrageous, malicious, in willful, wanton and reckless disregard of the rights of David Martin Lelchook and the Plaintiffs.  As such, Plaintiffs are entitled to punitive damages against Defendant Syria pursuant to 28 U.S.C. § 1605A(c).

36.     WHEREFORE, Plaintiffs demand that judgment be entered against Defendant Syria as follows: (a) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Ester Lelchook, on behalf of herself individually; (b) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Alexander Lelchook; (c) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Michal Lelchook; (d) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Yael Lelchook; (e) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Doris Lelchook; and (f) THREE HUNDRED

SIXTY MILLION DOLLARS ($360,000,000) in punitive damages to all Plaintiffs assessed against Syria.

## PRAYER FOR RELIEF

37.     WHEREFORE, Plaintiffs request judgment against the Defendant as follows:

38.     Awarding Plaintiffs compensatory damages against Defendant in amounts set forth herein and as shall be determined at trial by the Court;

39.     Awarding Plaintiffs punitive damages Defendant Syria in the amount of THREE HUNDRED SIXTY MILLION DOLLARS ($360,000,000) according to proof to be established at trial and as determined by the Court;

40.     Awarding Plaintiffs prejudgment interest at the maximum rate allowable by law;

41.     Awarding Plaintiffs their costs and disbursements and reasonable allowances of fees for Plaintiffs counsel and experts and reimbursement of expenses;

42.     Leave to amend this Complaint as interests of justice may allow; and

43.     Granting any and all such further relief as the Court may deem just and proper.

Dated: August 1, 2016                    Respectfully submitted,

Heideman Nudelman & Kalik, P.C.
1146 19th Street, NW, Fifth Floor
Washington, DC 20036
(202) 463-1818

By: */s/Richard D. Heideman*
        Richard D. Heideman (DC Bar No. 377462)
        Noel J. Nudelman (DC Bar No. 449969)
        Tracy Reichman Kalik (DC Bar No. 462055)