# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LELCHOOK, et al.           )
                           )
           Plaintiffs,     )
                           )
    v.                     )   Civil Action No. 16-01550 (RC)
                           )
SYRIAN ARAB REPUBLIC       )
                           )
           Defendant.      )

## AFFIDAVIT OF OVADYA GABBAY

Comes now the Affiant, Ovadya Gabbay, having been first duly sworn, and states as follows:

1. My name is Ovadya Gabbay, I am over 18 years of age and I am an attorney and a member of the bar of the State of Israel.

2. I, Ovadya Gabbay, have knowledge, experience and training in Israeli law based upon the following: I am a graduate of the Hebrew University in Jerusalem and have been a practicing attorney since 1980. My legal office has been providing varied legal services for 37 years, with an emphasis on civil litigation and the laws of damages. I appear personally almost every day before various courts and have taken part in setting legal precedents in many areas. A copy of my curriculum vitae detailing my extensive legal experience is attached hereto as Exhibit A.

1



3. Pursuant to Federal Rule of Civil Procedure 44.1, I have been asked to assist the Court by rendering expert testimony concerning Israeli probate law, and who may act as the decedent's personal representative in a legal action under Israeli law.

4. As set forth below, it is my opinion to a reasonable degree of legal certainty that as Ester Lelchook have been named as the legal heir of David Lelchook pursuant to a Certificate of Inheritance issued by the Registrar of Inheritance in 14.1.2007 she is authorized to serve as decedent David Lelchook's personal representative in all matters.

5. The Israeli legal system is based on the common law legal tradition and one must look not only to statutory law but also the binding precedent of Israeli courts.

6. Israeli law recognizes two distinct and independent causes of action when a victim of a civil wrong dies as a result of a tort committed against her.

   a. <u>Survival Action Generally</u> -Section 19 of the CWO provides for an action similar to what is referred to as a "survival action" in the United States.[1] This action is based upon the notion that when a victim who suffered a civil wrong dies, *her rights* against the liable tortfeasor are transmitted to her heirs.

   b. <u>Wrongful Death Action Generally</u>- In addition to the accrual of a survival action to a deceased's heirs, under Israeli law, an independent cause of action similar to a "wrongful death action" in the United States accrues to

---

[1] Section 19 of the CWO provides that, "on the death of any person, all causes of action in respect of any civil wrong subsisting against or vested in him shall survive against or, as the case may be, for the benefit of, his estate." See Civil Wrongs Ordinance (New Version) §19, 5728-1968, 2 LSI (New Version) 5 (1972) as amended (Isr.).

2



a deceased's dependents[2] against the tortfeasor upon the death of the victim of a civil wrong. See Civil Wrongs Ordinance (New Version) §78, 5728-1968, 2 LSI (New Version) 5 (1972) as amended (Isr.) ("[w]here the death of any person is caused by any civil wrong and such person would, if death had not ensued, have been entitled at the time of his death…to compensation in respect to bodily injury caused to him by such civil wrong, [then his dependents are] entitled to compensation from the person responsible for such civil wrong.").

7. Under Section 19 of the CWO, the rights transmitted to the heirs of a deceased victim of a tort are such rights that accrued to the injured victim prior to death and include past pecuniary loss (i.e. lost earnings and expenses) and past non-pecuniary damages like pain and suffering and lost life expectancy. See Id. at §19.

8. Under Israel's wrongful death statute, a claim may be brought: "Where the death of any person is caused by any civil wrong and such person would, if death had not ensued, have been entitled to at the time of his death under the provisions of this Ordinance to compensation in respect of bodily injury caused to him by such civil wrong, the spouse, parent and child of such deceased person will be entitled to compensation from the person responsible for such civil wrong." Civil Wrongs Ordinance (New Version) §78, 5728-1968, 2 LSI (New Version) 5 (1972) as amended (Isr.).

---

[2] "Dependent" is defined in §78 of the CWO as the "spouse, parent and child" of the deceased. See Civil Wrongs Ordinance (New Version) §78, 5728-1968, 2 LSI (New Version) 5 (1972) as amended (Isr.) (Under §2 of the CWO, "Child" includes grandchild, step-child, fetus and any illegitimate or adopted child. "Parent" includes grandparents and step-parents.). See Civil Wrongs Ordinance (New Version) §2, 5728-1968, 2 LSI (New Version) 5 (1972) as amended (Isr.).

3



9. Under Israeli law, heirs for bringing such claims are established by obtaining Certificates of Inheritance.

10. In this matter, the Inheritance Court issued a Certificate of Inheritance recognizing Esther Lelchook as the heir of David Lelchook. Accordingly, she would be the individual to pursue claims on his behalf including, but not limited to, those arising from his murder on 2 August 2006.

**Conclusion**

11. It is my opinion to a reasonable degree of legal certainty that under Israeli law:

    (a) The Certificate of Inheritance issued by the Inheritance Court of Haifa recognizes and appoints Esther Lelchook as the heir of David Lelchook; and

    (b) The Certificates of Inheritance allows the duly appointed heir; *to wit*, Esther Lelchook, to act as David Lelchook's personal representative in any legal action including, but not limited to, the above styled matter.

I so declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this the 12 day of December, 2017,   Jerusalem ISRAEL

_____
Ovadya Gabbay

Ovadia gabbay, adv
License no – 9622
12 ben Yehuda st . corner of ben hillel 22 jerusalem
02-6249063/4

# Curriculum

Ovadia Gabbay, Advocate and Notary, founded and is the managing partner of Gabbay-Hen-Zimmer & Partners.

He is a certified attorney and notary. He earned his LLB from the Hebrew University of Jerusalem in 1978.

Upon completing his legal studies, Ovadia spent his first year of his mandatory internship under the tutelage of Supreme Court Justice Badimus Gabriel Bach at the State Attorney's Office and his second year at the law firm of Ze'ev & Naomi Weill.

He passed the bar examination and became a certified lawyer in 1980.

With the dissolution of the law firm of Zentler, Goldschmidt, Gabbay & Partners, Ovadia struck out on his own and established his own firm, Gabbay, which, over time, evolved into Gabbay-Hen-Zimmer & Partners.

Over the course of his many years of professional experience, Ovadia has served as a member of the Appellate Disciplinary Tribunal of the Israel Bar Association, as well as a member of the Disciplinary Tribunal of the Israeli Police.

Furthermore, Ovadia currently serves as the head of the Mediation Committee for the Jerusalem District of the Israel Bar Association and as an arbitrator for the Arbitration Federation of Israel.

When it comes to his clients, Ovadia represents them in cases involving civil and commercial law, torts and damages law, including suits dealing with real-estate, planning and construction, contracts, tenant protection, corporations and class-action lawsuits.

Ovadia has immense experience, as well, in litigation, specifically, legal proceedings and the most current forms of legal representation, in part due to his contribution to numerous, important legal precedents in civil and commercial law and 37 years of experience as an active lawyer.

