# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LELCHOOK, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 16-01550-RC-RMM |
| ) | |
| SYRIAN ARAB REPUBLIC ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFFS' STATUS REPORT

COME NOW the Plaintiffs, by and through their undersigned counsel, and respectfully in response to this Court's request in its February 7, 2017 Minute Order provide the following status update to the Court.

In its Minute Order, the Court inquired whether a, "hearing is required in light of the evidence submitted with Plaintiffs' [17] Motion". As described more particularly in Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Default Judgment as to Liability (D.E. 17-1), Plaintiffs suggest that the Court may enter default judgment as to liability in accordance with the evidence submitted in support of Plaintiffs' Motion. 28 U.S.C. § 1608(e) does not require any more evidence or higher standard of evidence than the Court would ordinarily receive to render a judgment. *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 242 (2d Cir. 1994). To evaluate the plaintiffs' proof the Court can "accept as true the plaintiffs' uncontroverted evidence." *Estate of Botvin ex rel. Ellis v. Islamic Republic of Iran*, 510 F. Supp. 2d 101, 103 (D.D.C. 2007).

Plaintiffs may also rely on the statements and opinions of experts to establish liability, even if their expert opinions rely on hearsay. *Flanagan,* 190 F. Supp. 3d at 173 (D.D.C. 2016). Indeed, in the terrorism context, experts' reliance on hearsay evidence is often critical. *United States v. Damrah*, 412 F.3d 618, 625 (6th Cir.2005) (quoting the district court which had concluded that, "[g]iven the secretive nature of terrorists, the Court can think of few [non-hearsay] materials that experts in the field of terrorism would rely upon"). This is because the types of records or direct evidence available in civil litigation are unlikely to be available in default FSIA cases—particularly when, as here, Plaintiffs have no access to discovery. *See Id.*; *See also Owens*, 174 F.Supp.3d at 276–80, 2016 WL 1170919, at *26–28 (collecting cases discussing the use of expert testimony and hearsay in FSIA cases). In fact, the D.C. Circuit has noted, that "courts have the authority—indeed, we think, the obligation—to 'adjust [evidentiary requirements] to ... differing situations.' " *Kim v. Democratic People's Republic of Korea*, 774 F.3d 1044, 1048 (D.C.Cir.2014) (alteration and ellipses in original) (quoting *Bundy v. Jackson*, 641 F.2d 934, 951 (D.C.Cir.1981)). Moreover, the plaintiffs may establish their proof by declaration. *Weinstein v. Islamic Republic of Iran*, 184 F. Supp. 2d 13, 19 (D.D.C. 2002). Here, the Plaintiffs submitted to the Court the expert declarations of Expert David Schenker and Expert Ovadia Gabbay in support of the Motion for Default Judgment, for the Court to rely on. Plaintiffs suggest that should the Court conduct a hearing, the hearing would consist of offering the testimony and/or declarations of these or other similar experts to offer the same or similar testimony.

Should this Court determine that such a hearing is required, Plaintiffs suggest that a one day hearing would be sufficient. At said hearing, Plaintiffs would introduce the documentary

evidence that was submitted in support of Plaintiffs' motion, and present one expert[1] who would provide testimony that, *inter alia,* the rocket attack which killed David Lelchook was committed by Hezbollah[2] and that Syria, by and through the Assad regime and individual members of the Assad regime acting within the scope of their offices, cooperated with and supported Hezbollah. Accordingly, evidence of aiding and abetting necessarily proves that Syria provided material support or resources to Hezbollah and its terrorist network as defined by 18 U.S.C. § 2339A(b) and is liable for the death of David Lelchook.

Once the Court has entered judgment as to the liability of Syria, Plaintiffs will submit their documentary evidence to the Court regarding the individual damages of each Plaintiff so that final judgments may be entered in this matter.

With respect to available dates in April, because of the Jewish holiday of Passover, and previously scheduled travel commitments, Plaintiffs offer the dates of April 26, 27, and May 22, 23, or May 30 as possible dates for a one day scheduled hearing, subject to Plaintiffs securing a substitute expert, and the availability of said designee to appear to present testimony.

Should the Court require further information Plaintiffs' counsel remains available to answer further inquiries of the Court by filing additional status reports or appearing at a Status Conference before the Court at the Court's convenience.

Dated: February 13, 2018                    Respectfully submitted,

                                            HEIDEMAN NUDELMAN
                                            & KALIK, P.C.

---

[1] Since submitting his Declaration in support of Plaintiffs' Motion to the Court, David Schenker has been nominated to serve as Assistant Secretary of State for Near East Affairs at the United States Department of State. Accordingly, because of his pending confirmation process, should the Court require a hearing on this matter, Mr. Schenker is unable to offer further testimony in support of his Declaration to the Court on this matter and Plaintiffs will have to engage a substitute expert to provide testimonial evidence supporting the opinions and conclusions that Mr. Schenker has already offered to the Court. The Plaintiffs are working to secure such substitute expert in such an event.

[2] On October 8, 1997, Hezbollah was designated by the United States State Department as a Foreign Terrorist Organization ("FTO"). https://www.state.gov/j/ct/rls/other/des/123085.htm

                                          1146 19th Street, N.W., 5th Floor  
                                        Washington, DC 20036  
                                        Telephone:  202-463-1818  
                                        Telefax:  202-463-2999  

                                        By: _/s/Richard D. Heideman_____  
                                              _/s/ Tracy Reichman Kalik_____  
                                        Richard D. Heideman (No. 377462)  
                                        Noel J. Nudelman (No. 449969)  
                                        Tracy Reichman Kalik (No. 462055)