**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| ESTER LELCHOOK, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 16-1550 (RC) |
| | : | | |
| v. | : | Re Document No.: | 17, 23, 24 |
| | : | | |
| SYRIAN ARAB REPUBLIC, | : | | |
| | : | | |
| Defendant. | : | | |

## <u>MEMORANDUM OPINION & ORDER</u>

GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY; ADOPTING THE MAGISTRATE
JUDGE'S REPORT & RECOMMENDATION; GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Plaintiffs Ester Lelchook, Michal Lelchook, Yael Lelchook, Alexander Lelchook, and

Doris Lelchook, respectively the spouse, two daughters, brother, and mother of David Lelchook,

brought this case against Defendant the Syrian Arab Republic on August 1, 2016.  In the

Complaint, Plaintiffs allege that David Lelchook was killed in a Hezbollah rocket strike on

August 2, 2006, one of the thousands of rocket and missile attacks perpetrated by Hezbollah

during its 2006 campaign against Israel.  Compl. ¶¶ 14–15, ECF No. 1.  Plaintiffs also allege that

Syria, one of the main backers of Hezbollah, provided material support to the organization, and

as such is liable for the extrajudicial killing of David Lelchook.  *Id.* ¶ 21.  Plaintiffs bring two

claims pursuant to the Foreign Sovereign Immunities Act's ("FSIA's") terrorism exception, for

extrajudicial killing and wrongful death, *id.* ¶¶ 23–29, and intentional infliction of emotional

distress ("IIED") and solatium, *id.* ¶¶ 30–36.  Pending before the Court are Plaintiffs' motion to

substitute Alexander Lelchook, as executor of the estate of Doris Lelchook, as plaintiff in place

of his mother, Pl.'s Mot. Substitute, ECF No. 24, and Plaintiffs' motion for default judgment,

Pl.'s Mot. Default J., ECF No. 17.  The Court addresses each in turn.

First, the Court grants the motion to substitute Alexander Lelchook, as executor of the estate of Doris Lelchook, as plaintiff in place of Doris Lelchook.  Pursuant to Fed. R. Civ. P. 25(a)(1), "a court 'may' order substitution of a proper party '[i]f a party dies and the claim is not extinguished.'" *Lightfoot v. District of Columbia*, 629 F. Supp. 2d 16, 17 (D.D.C. 2009) (quoting Fed. R. Civ. P. 25(a)(1)).  The motion "may be made by any party or by the decedent's successor or representative."  Fed. R. Civ. P. 25(a)(1).  And whether claims survive a plaintiff's death and can be brought by her estate "is a threshold question concerning the power of the estate to bring and maintain legal claims[,]" which is "governed by the law of the state which also governs the creation of the estate."  *Taylor v. Islamic Republic of* Iran, 811 F. Supp. 2d 1, 12 (D.D.C. 2011).

Here, Doris Lelchook brought claims for extrajudicial killing and wrongful death, Compl. ¶¶ 23–29, and IIED and solatium, *id.* ¶¶ 30–36.  Plaintiffs represent that Doris Lelchook passed away on December 5, 2018 and that Alexander Lelchook has been appointed as executor of her estate.  Pl.'s Mot. Substitute 1.  Plaintiffs provide a copy of the certificate of death for Doris Lelchook showing that she died in Arlington, Virginia.  Certificate of Death, Pl.'s Mot. Substitute Ex. A, ECF No. 24-1.  Plaintiffs also provide a certificate of qualification by the clerk of the Circuit Court of Arlington County appointing Alexander Lelchook as executor of her estate.  Certificate of Qualification, Pl.'s Mot. Substitute Ex. B, ECF No. 24-2.  The Court must therefore determine whether Doris Lelchook's claims survive her death under Virginia law.  And "Virginia law . . . allows a decedent's estate to maintain any cause of action that the decedent would have been able to assert during his or her life (e.g., battery or IIED)."  *Dammarell v. Islamic Republic of Iran*, 404 F. Supp. 2d 261, 297 (D.D.C. 2005) (citing Va. Code § 8.01-25).

Because Doris Lelchook's claims are not extinguished by her death and the motion to substitute is unopposed and timely brought by the executor of the estate, the Court grants it.

Next, the Court addresses Plaintiffs' motion for default judgment. After the Syrian Arab Republic failed to respond to the complaint, the Clerk of the Court entered a default on September 20, 2017. Clerk's Entry of Default, ECF No. 15. On December 15, 2017, Plaintiffs moved for default judgment as to liability, arguing that they had demonstrated their entitlement to default judgment on their "causes of action for extrajudicial killing, wrongful death, intentional infliction of emotional distress and solatium." Pl.'s Mem. Supp. Default J. 2, ECF No. 17-1. This Court referred the case to a magistrate judge for report and recommendation on the motion on December 19, 2017, *see* Order Referring Case, ECF No. 18, and Magistrate Judge Robin M. Meriweather was assigned to the case, *see* Min. Entry (Dec. 19, 2017). On March 26, 2018, Plaintiffs filed supplemental evidence in support of their motion for default judgment. Notice of Supplemental Filing, ECF No. 20. And after Judge Meriweather ordered Plaintiffs to submit a supplemental memorandum and supplemental evidence addressing, *inter alia*, remaining issues in Plaintiffs' IIED claim, Plaintiffs filed a supplemental memorandum in further support of the motion on November 13, 2018, Supp. Mem. Mot. Default J., ECF No. 22.

Judge Meriweather issued her report and recommendation recommending that the Court grant in part and deny in part the motion for default judgment on January 31, 2019. R. & R. 1, ECF No. 23. As an initial matter, she found Plaintiffs' two experts to be qualified and accepted their expert opinions on the issues of the Syria-Hezbollah relationship and of Israeli probate law. *See id.* at 9–10. Next, Judge Meriweather discussed whether Plaintiffs had met the three required elements for default judgment as to liability in a FSIA case, by showing 1) that the Court had subject matter jurisdiction over their claims, 2) that the Court had personal jurisdiction over

Syria, and 3) that there was sufficient evidence to establish their claims against Syria.  *See id.* at

7–8 (quoting *Braun v. Islamic Republic of Iran*, 228 F. Supp. 3d 64, 75 (D.D.C. 2017)).

Judge Meriweather found that Plaintiffs met their burden on subject matter jurisdiction

because they provided evidence that Syria, a state sponsor of terrorism, provided material

support to Hezbollah through shipment of Iranian and Syrian weapons and proximately caused

the death of David Lelchook, a U.S. citizen.  *See id.* at 12–21.  Plaintiffs showed that the Court

had personal jurisdiction over Syria by providing evidence that service of the Complaint was

effectuated through diplomatic channels in accordance with FSIA.  *See id.* at 22–24.  Plaintiffs

also demonstrated that they each had a private right of action to pursue their claims against Syria

under FSIA, either as U.S. citizens or as the legal representative of a U.S. citizen.  *See id.* at 24–

27.  And finally, Judge Meriweather found that Plaintiffs had presented viable theories of

liability on only some of their claims.  Only the estate of David Lelchook could pursue the

wrongful death claim under tort law, and the estate had provided sufficient evidence to establish

Syria's liability for David Lelchook's wrongful death through an extrajudicial killing.  *See id.* at

28–29.  David Lelchook's family members could recover on their IIED claims because Syria's

material support of terrorism was extreme and outrageous conduct which was the proximate

cause of David Lelchook's death and caused each family member severe emotional distress.  *See

id.* at 29–34.  But Judge Meriweather concluded that Plaintiffs could not recover for

"extrajudicial killing" because it was not a theory of liability.  *Id.* at 28 (citing *Braun*, 228 F.

Supp. 3d at 78).  And they could not recover for solatium either, given the general rule that

"plaintiffs 'can only recover once for their claims of IIED and solatium.'"  *Id.* at 35 (quoting

*Flanagan v. Islamic Republic of Iran*, 87 F. Supp. 3d 93, 116 (D.D.C. 2015)).

Judge Meriweather therefore recommended that the Court enter default judgment on liability for the wrongful death claim brought by Ester Lelchook, in her capacity as the representative of the estate of David Lelchook, and for the IIED claims brought by Doris Lelchook, Alexander Lelchook, Michal Lelchook, and Yael Lelchook. *See id.* at 35–36. Judge Meriweather further recommended that the Court deny default judgment on all other claims. *Id.* at 36. Judge Meriweather's report and recommendation contained the requisite notice informing the parties of their right to file written objections to the report and recommendation pursuant to Local Rule 72.3(b) and that any such objection must be filed within 14 days after its receipt. *Id.* at 36. No objections have been filed.

Having reviewed Judge Meriweather's thorough and thoughtful report and recommendation, and given the lack of any objections, the Court fully agrees with the detailed analysis and conclusions reached in the report. The Court will accordingly adopt the report and recommendation in its entirety.

For the foregoing reasons, Plaintiffs' motion to substitute (ECF No. 24) is **GRANTED**. The Court further **ADOPTS** in full Judge Meriweather's report and recommendation (ECF No. 23). Plaintiffs' motion for default judgment (ECF No. 17) is **GRANTED** as to the wrongful death claim brought by Ester Lelchook and as to the IIED claims brought by Doris Lelchook, Alexander Lelchook, Michal Lelchook, and Yael Lelchook. Plaintiffs' motion for default judgment is **DENIED** as to all other claims.

**SO ORDERED**.

Dated: March 25, 2019                                              RUDOLPH CONTRERAS
                                                                   United States District Judge