**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| ESTER LELCHOOK, *et al.* | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 16-01550 (RC) |
| | : | | |
| v. | : | Re Document No.: | 36 |
| | : | | |
| SYRIAN ARAB REPUBLIC, | : | | |
| | : | | |
| Defendant. | : | | |

# ORDER

### DENYING PLAINTIFFS' MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 1610(C)

On September 25, 2019, this Court issued a Memorandum Opinion (ECF No. 31) and corresponding Order (ECF No. 30) granting in part and denying in part Default Judgment for Ester Lelchook, Michal Lelchook, Yael Lelchook, Alexander Lelchook, and the Estate of Doris Lelchook (collectively, "Plaintiffs"). On March 15, 2022, Plaintiffs moved for an order pursuant to 28 U.S.C. § 1610(c) holding that a reasonable period of time had elapsed since the date of the Default Judgment and seeking to attach Defendant Syrian Arab Republic's ("Syria") assets to aid in the execution of the judgment. Pls.' Mot. for Order under 28 U.S.C. § 1610(c) ("Pls.' Mot.") at 1, ECF No. 33. Syria, which has never appeared in this case, did not file an opposition. For the reasons discussed below, the Court finds that Plaintiffs have failed to satisfy the procedures for properly serving the default judgment on Syria. As such, the Court denies Plaintiffs' motion without prejudice.

Under 28 U.S.C. § 1610(c), a party seeking to attach the property of a foreign state located in the United States can do so only when "the court has . . . determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required

under section 1608(e) of this chapter." 28 U.S.C. § 1610(c). Section 1608(e), in turn, provides that "[a] copy of any . . . default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section." 28 U.S.C. § 1608(e). These service procedures are found in Section 1608(a), which "prescribes four methods of service, in descending order of preference. Plaintiffs must attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on." *Ben-Rafael v. Islamic Republic of Iran*, 540 F. Supp. 2d 39, 52 (D.D.C. 2008). Plaintiffs must serve the default judgment by following "the same substantive procedures that govern service of process under the [Foreign Sovereign Immunities] Act." *Blais v. Islamic Republic of Iran*, 2011 WL 13376985, at *1 (D.D.C. Dec. 2, 2011).

"When serving a foreign sovereign, 'strict adherence to the terms of 1608(a) is required.'" *Est. of Hirshfeld v. Islamic Republic of Iran*, 235 F. Supp. 3d 45, 47 (D.D.C. 2017) (quoting *Barot v. Embassy of Zambia*, 785 F.3d 26, 27 (D.C. Cir. 2015)). Service can be an "arduous process," *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 3 (D.D.C. 2015), and "the case law is clear that . . . a plaintiff *must* attempt service pursuant to subsection (a)(3) *before* subsection (a)(4) in order to comply with section 1608(a)," *Est. of Parhamovich v. Syrian Arab Republic*, 2021 WL 6843587, at *5 (D.D.C. June 23, 2021) (emphases in original) (collecting cases); *see Est. of Hirshfeld*, 235 F. Supp. 3d at 48 ("The statute provides that service pursuant to § 1608(a)(4) is permissible only if service cannot be made within 30 days under subsection (a)(3).").

Here, Plaintiffs failed to follow 1608(a)'s procedures because they skipped a method of service. The first two methods of service, U.S.C. § 1608(a)(1) & (2), do not apply to this case because no special arrangement for service exists between Plaintiffs and Syria, and the United

2

States has no treaty relations with Syria that provide for service in civil matters. *See* ECF No. 23 at 23 ("[N]o special arrangement exists between the Lelchooks and Syria."); *Est. of Parhamovich*, 2021 WL 6843587, at *4 ("[T]he United States has no treaty relations with Syria that provide for service of process in civil matters."). Plaintiffs, however, falter at the third method of service—"by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court." 28 U.S.C. § 1608(a)(3). Plaintiffs never served the default judgment on Syria by mail. Instead, Plaintiffs availed themselves of service through the State Department under Section 1608(a)(4)—the final service method. *See* Certificate of Mailing, ECF No. 34. The State Department acknowledged that the documents were delivered to the Syrian Ministry of Foreign Affairs on January 28, 2020. *See* Aff. of Service, ECF No. 35.

Because Plaintiffs did not attempt service under Section 1608(a)(3), they could not yet avail themselves of service under Section 1608(a)(4). Plaintiffs' motion contains no mention of how they complied with Section 1608(a)'s procedures. Plaintiffs only assert that "Syria has had a copy of the final judgment for more than two[] years." Pls.' Mot. at 2. That is insufficient to satisfy the "mandatory nature of these procedures," which are "designed . . . to preserve foreign property interests by insisting upon prompt notification of any entry of judgment that might put such interests at risk." *Murphy v. Islamic Republic of Iran*, 778 F. Supp. 2d 70, 72 (D.D.C. 2011); *see also Azadeh v. Gov't of Islamic Republic of Iran*, 318 F. Supp. 3d 90, 97 (D.D.C. 2018) ("[T]he FSIA's service requirements are anything but perfunctory.").

None of Plaintiffs' actions changes this conclusion. Shortly after the Court granted Plaintiffs default judgment, Plaintiffs' counsel submitted an affidavit to the clerk's office seeking assistance with service under Section 1608(a)(4). *See* Aff. Requesting Foreign Mailing, ECF No. 32. The affidavit explained that Plaintiffs had attempted to serve the default judgment under

Section 1608(a)(3) by using the company DHL but failed because DHL was "not currently shipping to Syria." *Id.* at 1 & Ex. A. But Section 1608(a)(3) contemplates service "by *any* form of mail . . . addressed and dispatched by the clerk of the court." 28 U.S.C. § 1608(a)(3) (emphasis added). It appears that Plaintiffs did not try any other mailing company, nor was any mail addressed from the clerk's office. Furthermore, the statute requires Plaintiffs to wait "30 days" at this step before resorting to service through the State Department. 28 U.S.C. § 1608(a)(4). It is not clear that Plaintiffs did so. In short, Plaintiffs have supplied the Court with no explanation of how they complied with these procedures. Even if Plaintiffs believed that serving Syria by mail would be "futile," they provided no evidence that this method was "categorically 'unavailable,'" and accordingly "[Plaintiffs] had an obligation to at least try to serve [Syria] under that FSIA provision for a period of thirty days prior to pursuing the method of service laid out in section 1608(a)(4)." *Est. of Parhamovich*, 2021 WL 6843587, at *6 (citation omitted).[1]

      Unfortunately for Plaintiffs, "when serving a foreign state under section 1608(a), this Court has found that 'a near miss is still a miss.'" *Id.* at *5 (citation omitted). Plaintiffs will have another opportunity to attempt service in compliance with Section 1608(a)(3), and if that fails, they may re-serve Syria under Section 1608(a)(4). *See Azadeh*, 318 F. Supp. 3d at 100.

---

[1] It is immaterial that Syria previously refused delivery of Plaintiffs' DHL mailing of the summons, complaint, and notice of suit. *See* Aff. Requesting Foreign Mailing, ECF No. 8. That is because "under section 1608(e) of the Act, notice of a default judgment against a foreign state must be served in the same specially prescribed manner as the original complaint." *Prac. Concepts, Inc. v. Republic of Bolivia*, 613 F. Supp. 863, 866 n.2 (D.D.C. 1985), *vacated on other grounds*, 811 F.2d 1543 (D.C. Cir. 1987). Plaintiffs' service of the default judgment must comply with the strictures of Section 1608(a) and follow the "same substantive procedures that govern service of process." *Blais*, 2011 WL 13376985, at *1. Here, Plaintiffs failed to do so.

For the reasons stated above, it is hereby **ORDERED** that Plaintiffs' motion for relief pursuant to 28 U.S.C. § 1610(c) is **DENIED** without prejudice.

**SO ORDERED**.

Dated: April 29, 2022                                                                                     RUDOLPH CONTRERAS
                                                                                                                             United States District Judge